```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )         Criminal Action
              v.                    )         No. 14-10103-PBS
                                    )
SHAWN CRAIG,                        )
                                    )
                    Defendant.      )
_____)
```

## MEMORANDUM AND ORDER

February 14, 2019

Saris, C.J.

Pro se defendant Shawn Craig has moved under 28 U.S.C. § 2255 to vacate his 84-month sentence based on four errors in calculating his guideline sentencing range. The Government points out that Craig's plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) contains a waiver of his right to challenge his sentence on appeal or collaterally. Before addressing Craig's arguments on the merits, the Court must determine whether the appellate waiver is enforceable and whether it bars the four challenges to his sentence.

The First Circuit's well-established Teeter test for determining the enforceability of an appellate waiver requires a court to ask "(1) whether the waiver's scope was clearly delineated; (2) whether the district court specifically inquired

1

about the waiver of appellate rights; and (3) whether denial of those rights would constitute a miscarriage of justice." United States v. Del Valle-Cruz, 785 F.3d 48, 54 (1st Cir. 2015) (citing United States v. Teeter, 257 F.3d 14, 24-25 (1st Cir. 2001)). An appeal or collateral attack is barred if it falls within the scope of a valid waiver. United States v. González-Colón, 582 F.3d 124, 127 (1st Cir. 2009).

The first two prongs of the Teeter test ensure that "the defendant freely and intelligently agreed to waive [his] right to appeal." Del Valle-Cruz, 785 F.3d at 54 (alteration in original) (quoting Teeter, 257 F.3d at 24). Here, there is no doubt that Craig freely and intelligently agreed to the waiver. The plea agreement states in clear terms that Craig "waive[d] any rights [he] may have to challenge [his] sentence . . . on direct appeal or in any future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255." Dkt. No. 54 ¶ 7(b). This waiver plainly bars all future challenges to his sentence and specifically mentions challenges under § 2255. See United States v. Chambers, 710 F.3d 23, 30 (1st Cir. 2013) ("[T]he waiver must be stated clearly and its scope must be definite.").

The Court asked Craig four different times during his plea colloquy whether he understood that he was giving up his right to challenge his sentence, including once specifically about

2

collateral attacks, and he responded affirmatively each time. See Dkt. No. 85 at 9:25-10:14, 12:11-15. This questioning was more than sufficient to ensure Craig's "understanding of the waiver and [his] acquiescence in the relinquishment of rights that it betokens." United States v. Ciampi, 419 F.3d 20, 25 (1st Cir. 2005) (quoting Teeter, 257 F.3d at 24 n.7). Nothing in the rest of the plea colloquy suggests Craig was misled or confused about his waiver. See id. at 26.

Because Craig freely and intelligently agreed to the appellate waiver, it is enforceable unless it would result in a miscarriage of justice. Sotirion v. United States, 617 F.3d 27, 33 (1st Cir. 2010). "[T]he miscarriage-of-justice exception is to be applied 'sparingly and without undue generosity'" and only in egregious cases. United States v. Cabrera-Rivera, 893 F.3d 14, 24 (1st Cir. 2018) (quoting Sotirion, 617 F.3d at 36). The defendant must point to more than a "garden-variety error," id. (quoting United States v. Santiago, 769 F.3d 1, 8 (1st Cir. 2014)), and must demonstrate "a strong showing of innocence, unfairness, or the like," United States v. Gil-Quezada, 445 F.3d 33, 37 (1st Cir. 2006). In determining whether enforcing a waiver would constitute a miscarriage of justice, courts consider "the clarity of the alleged error, its character and gravity, its impact on the defendant, any possible prejudice to the government, and the extent to which the defendant acquiesced

3

in the result." Cabrera-Rivera, 893 F.3d at 24 (quoting Gil-Quezada, 445 F.3d at 37).

Craig brings four challenges to his Sentencing Guidelines calculations: 1) because the Massachusetts Supreme Judicial Court vacated four of his Class D drug possession convictions as a result of the "Annie Dookhan scandal," they should not count as part of his criminal history; 2) even though his other Massachusetts drug convictions have not been vacated, they are "tainted" by the Annie Dookhan scandal and should also not count; 3) two convictions counted separately in calculating his criminal history were actually the same case; and 4) his two convictions for assault and battery with a dangerous weapon are not crimes of violence. Because the waiver in his plea agreement covers all challenges to his sentence on a § 2255 motion, it bars Craig's motion completely, unless he shows it would result in a miscarriage of justice.

Craig cannot meet this high burden because he received a substantial benefit in his plea agreement in exchange for his appellate waiver. The government agreed to dismiss the count charging him as a felon-in-possession in violation of 18 U.S.C. § 922(g)(1), which, given his extensive and serious criminal record, may have triggered a mandatory minimum sentence of 180 months under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Instead, Craig agreed to an 84-month sentence, which was well

below even the 110-month floor of his guideline sentencing range. Thus, "far from working a miscarriage of justice, [Craig's] plea agreement conferred significant benefits on him." United States v. Morales-Arroyo, 854 F.3d 118, 121 (1st Cir. 2017) (quoting Sotirion, 617 F.3d at 38); see also United States v. Caramadre, 807 F.3d 359, 379 (1st Cir. 2015) (declining to find a miscarriage of justice where the plea agreement capped the defendant's sentence considerably below the top of his guideline sentencing range).

Even ignoring the significant benefits Craig gained in exchange for his appellate waiver, the Court concludes that his inability to raise these challenges does not result in a miscarriage of justice. Craig's third challenge, that one of his criminal convictions was double counted, appears meritless, as both case numbers are listed under the same conviction and only counted once in his Presentence Report. See United States v. Marte-de la Cruz, 876 F.3d 370, 374 (1st Cir. 2017) (finding no miscarriage of justice where it appeared the defendant's challenge was without merit).

Meanwhile, his first and fourth challenges, even if meritorious, would not change his guideline sentencing range. See, e.g., González-Colón, 582 F.3d at 128-29. Craig received a base offense level of 24 because he had at least two prior felony convictions for crimes of violence or controlled

substance offenses. See U.S.S.G. § 2K2.1(a)(2). Even without the four vacated convictions and the convictions for assault and battery with a dangerous weapon, Craig has two prior felony convictions for possession with intent to distribute, which is a controlled substance offense. See U.S.S.G. § 4B1.2(b). He also has at least one conviction for assault with a dangerous weapon under Massachusetts law, which qualifies as a crime of violence. See United States v. Fields, 823 F.3d 20, 34-35 (1st Cir. 2016).[1]

That leaves Craig's second challenge that all of his drug convictions are "tainted" by the Annie Dookhan scandal. Although eliminating these convictions would alter the calculations under the guidelines, they would not change his criminal history category. He provides no evidence to support his assertion that Annie Dookhan tested drugs at issue in his other convictions and no reason why his allegation should result in dropping these

---

[1] It is unclear in the Presentence Report whether Craig has one or two prior convictions for assault with a dangerous weapon, as the entry for one conviction lists both assault with a dangerous weapon and assault and battery with a dangerous weapon. Craig did not challenge this aspect of the Presentence Report at his sentencing hearing. It is also unclear whether Craig is arguing that both his assault with a dangerous weapon and assault and battery with a dangerous weapon convictions should not count as crimes of violence or just the latter. The Court need not resolve either of these issues because his two unvacated convictions for possession with intent to distribute qualify as controlled substances offenses and trigger an increase in his base offense level.

convictions from his criminal history. Defendant does not show a miscarriage of justice.

Despite Craig's dissatisfaction with his sentence, he cannot circumvent the appellate waiver to which he knowingly and voluntarily agreed. See Caramadre, 807 F.3d at 379. The Court therefore cannot address his § 2255 motion on the merits.

## **ORDER**

Craig's motion is therefore **DENIED** (Docket No. 79).


SO ORDERED.


/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge